An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-467

Filed 15 July 2026

Forsyth County, No. 24CR000067-330

STATE OF NORTH CAROLINA

v.

CASEY JAY BARE

Appeal by Defendant from Judgment entered 3 September 2024 by Judge Lora C. Cubbage in Forsyth County Superior Court. Heard in the Court of Appeals 11 March 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Jayla L. Cole, for the State.*
>
> *Cooper Strickland for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Casey Jay Bare (Defendant) appeals from a Judgment entered 3 September 2024 revoking his probation and activating his suspended sentence after his probationary period had expired. The Record before us tends to reflect the following:

On 27 October 2020, Defendant pleaded guilty to Second-Degree Kidnapping and Assault Inflicting Serious Injury. The trial court sentenced Defendant to 29 to 47 months of imprisonment and suspended that sentence for 30 months of supervised probation, subject to a 55-day active sentence. Defendant's period of probation was to run until 2 March 2023.[1]

On 29 January 2021, Defendant's probation was modified to require Defendant to "[s]ubmit to a curfew which requires [Defendant] to remain in a specified place for a specified period each day and wear a device that permits the offender's compliance to be monitored electronically."

Defendant's probation officer filed a violation report on 9 April 2021, alleging Defendant had tested positive for illegal substances, failed to report as directed to his probation officer on four occasions since February 2021, violated his electronic monitoring conditions on nine occasions between 20 February and 24 March 2021, owed financial arrearages to the Clerk of Superior Court, failed to provide documentation showing he had completed a court-ordered treatment program, and had violated a domestic violence protective order.[2] Based on this report, the trial court on 25 May 2021 ordered Defendant to serve a 90-day period of confinement and

---

[1] The parties agree this is the date Defendant's probation originally would have expired.
[2] The violation report also alleged Defendant had committed new criminal offenses. However, those offenses were expunged, and we do not discuss them here.

extended Defendant's term of probation for an additional 12 months. Accordingly, Defendant's new end date for his period of probation was 2 March 2024.

Defendant's probation officer filed two more violation reports on 27 April 2022 and 14 June 2022, alleging Defendant still owed financial arrearages to the Clerk of Superior Court, had been discharged from his court-ordered treatment program due to "non-compliance," had been arrested for a new criminal offense, and had failed to report on three dates in June. On 14 July 2022, the trial court entered an order requiring Defendant to serve another 90-day period of confinement.

Three more violation reports were filed on: 12 January 2024, alleging Defendant had tested positive for illegal substances, still owed financial arrearages to the Clerk of Superior Court, failed to complete his court-ordered treatment program, and had committed new criminal offenses; 24 January 2024, alleging Defendant had failed to report as directed to his probation officer; and 12 February 2024, alleging Defendant had absconded. Specifically, the 12 February 2024 report alleged Defendant had "made himself unavailable for supervision since [5 December 2023]" and detailed various efforts that had been made to locate Defendant, including looking for him at his last known residence, questioning his relatives, and making inquiries at local hospitals, shelters, and jails.

The trial court held a hearing on these alleged probation violations on 26 August 2024, about six months after his probation expired. At the hearing, Defendant, through counsel, admitted he had violated his probation. The trial court

found Defendant had violated his probation as alleged in the 12 January, 24 January, and 12 February 2024 probation violation reports. The trial court specifically noted Defendant had violated his probation by absconding.

On 3 September 2024, the trial court entered a Judgment revoking Defendant's probation and activating his suspended sentence. The trial court credited Defendant with 55 days of time served but did not credit Defendant for the two 90-day periods of confinement he had served after his previous probation violations.

On 6 September 2024, Defendant timely filed written Notice of Appeal.

## **Appellate Jurisdiction**

Although Defendant's Notice of Appeal was timely filed, it contains several defects: it (1) identified the Judgment appealed from as "the judgment entered against [Defendant] on September 6, 2024"—instead of 3 September 2024; and (2) failed to identify the court appealed to. Defendant, acknowledging these defects, filed a Petition for Writ of Certiorari to allow us to review the trial court's Judgment revoking his probation.

"Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), *cert. denied*, 362 U.S. 917, 80 S. Ct. 670, 4 L. Ed. 2d 738 (1960). However, "a defect in a notice of appeal 'should not result in loss of the appeal as long as the intent to appeal . . . can be fairly inferred from the notice and the appellee is not misled by the mistake.' " *State v. Springle*, 244 N.C. App. 760, 763, 781 S.E.2d 518, 521 (2016)

(quoting *Phelps Staffing, LLC v. S.C. Phelps, Inc.*, 217 N.C. App. 403, 410, 720 S.E.2d 785, 791 (2011)).

Here, "[b]ecause this Court is the only court possessing jurisdiction to hear [the] appeal, it can be fairly inferred that Defendant intended to appeal to this Court." *State v. Rankin*, 257 N.C. App. 354, 356, 809 S.E.2d 358, 360 (2018) (citing *State v. Sitosky*, 238 N.C. App. 558, 560, 767 S.E.2d 623, 624-25 (2014), *disc. review denied*, 368 N.C. 237, 768 S.E.2d 847 (2015)). Similarly, although the Notice of Appeal designates the appeal as one from the judgment entered against Defendant on 6 September 2024, it lists the Judgment's file number and it can be fairly inferred Defendant intended to appeal the 3 September 2024 Judgment revoking his probation. *See Sitosky*, 238 N.C. App. at 560-61, 767 S.E.2d at 625 ("We have . . . deemed a defendant's notice of appeal sufficient to confer jurisdiction upon this Court when, despite an error in designating the judgment, the notice of appeal as a whole indicates the defendant's intent to appeal from a specific judgment." (citing *State v. Rouse*, 234 N.C. App. 92, 94, 757 S.E.2d 690, 692 (2014))).

Moreover, the State concedes it is in this Court's discretion whether to grant the writ and has not suggested it was misled due to either defect in Defendant's appeal. Because the deficiencies in Defendant's appeal are technical and non-jurisdictional, Defendant's intent to appeal was clear, and there is no evidence the State was misled by the discrepancies in Defendant's Notice of Appeal, we dismiss Defendant's Petition for Writ of Certiorari as moot and proceed to consider the merits

of his appeal. *See id.* at 561, 767 S.E.2d at 625; *Rankin*, 257 N.C. App. at 356, 809 S.E.2d at 360.

## Issues

The issues on appeal are whether the trial court: (I) erred by revoking Defendant's probation after his probationary period had expired without making a finding of good cause under N.C. Gen. Stat. § 15A-1344(f)(3) and (II) made a clerical error in its Judgment requiring correction on remand.

## Analysis

I.     Compliance with N.C. Gen. Stat. § 15A-1344(f)(3)

Defendant argues the trial court erred when it revoked his probation after his probationary period expired without first finding there was "good cause" to do so as required by N.C. Gen. Stat. § 15A-1344(f)(3). He further argues the Judgment should be vacated without remand because the Record does not contain sufficient evidence to support a conclusion good cause existed to revoke his probation after it had expired. The State concedes the trial court did not make a finding of "good cause" pursuant to Section 15A-1344(f)(3) but argues we should remand the case to the trial court for a good cause determination.

Whether a trial court has the authority to revoke a defendant's probation after the defendant's probationary term has expired is a jurisdictional question, which we review de novo. *State v. Geter*, 383 N.C. 484, 488-89, 881 S.E.2d 209, 213 (2022) (citations omitted).

Generally, a trial court is without jurisdiction to revoke a defendant's probation "after the expiration of the period of probation except as provided in G.S. 15A-1344(f)." *State v. Camp*, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980) (citations omitted). Section 15A-1344(f) provides a trial court may revoke probation after the probationary period expires only if all of the following apply:

> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

N.C. Gen. Stat. § 15A-1344(f)(1)-(3) (2025).

In *State v. Morgan*, our Supreme Court held a trial court improperly revoked a defendant's probation after his probationary period had expired because the trial court did not make "a specific finding that good cause existed to do so despite the expiration of his probationary period." 372 N.C. 609, 613, 831 S.E.2d 254, 257 (2019). The Court explained "the specific finding described in [N.C. Gen. Stat. § 15A-1344(f)(3)] must actually be made by the trial court and such a finding cannot simply be inferred from the record." *Id.* at 616, 831 S.E.2d at 259 (citations omitted).

Here, the parties agree the trial court did not make a finding of good cause to revoke Defendant's probation after it expired. Thus, because the trial court failed to

make this statutorily mandated finding, it lacked jurisdiction to revoke Defendant's probation and activate his suspended sentence. *See Camp*, 299 N.C. at 527, 263 S.E.2d at 594; *State v. Bryant*, 361 N.C. 100, 103, 637 S.E.2d 532, 534 (2006) ("In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved."), *superseded by statute on other grounds*, 2008 N.C. Sess. Law 129, § 4, *as stated in Geter*, 383 N.C. at 496-97, 881 S.E.2d at 217-18.

Accordingly, "the only remaining question is whether remand to the trial court is appropriate for it to determine whether good cause exists to revoke defendant's probation despite the expiration of his probationary period and, if so, to make an appropriate finding of fact as required by subsection (f)(3)." *Morgan*, 372 N.C. at 617, 831 S.E.2d at 260.

In *State v. Sasek*, the trial court revoked the defendant's probation after it had expired without making the requisite finding of good cause to do so. 271 N.C. App. 568, 844 S.E.2d 328 (2020). This Court vacated the order without remand because the trial court failed to hold the probation hearing on an earlier scheduled date and the record failed to disclose any specific reason for that failure. *Id.* at 575-76, 844 S.E.2d at 334-35. By contrast, in *Morgan*, the Court remanded the case because it was unable to say "no evidence exists that would allow the trial court on remand to make a finding of good cause shown and stated under subsection (f)(3)." 372 N.C. at 618, 831 S.E.2d at 260 (quotation marks omitted).

Defendant argues the Record is devoid of evidence supporting a finding of good cause by pointing to evidence which would not support a finding of good cause. However, like the *Morgan* Court, "we are unable to say from our review of the record that no evidence exists that would allow the trial court on remand to make a finding of good cause shown and stated under subsection (f)(3)." *Id.* (quotation marks omitted). Therefore, we remand the matter to the trial court to determine whether the evidence supports the required finding of good cause and, if so, to make a finding in compliance with N.C. Gen. Stat. § 15A-1344(f)(3).[3] *See id.* (remanding with these instructions).

II.    Clerical Error

Defendant further contends the trial court erred by failing to credit him in the Judgment for the two 90-day periods of confinement he served pursuant to the orders entered 25 May 2021 and 14 July 2022. The State, for its part, acknowledges the trial court's Judgment does not "expressly credit the two prior periods of confinement noted in the violation reports and acknowledged by the [trial] court in its findings." The State argues the appropriate remedy is a limited remand for correction of the Judgment to ensure the record accurately reflects Defendant's lawful credit.

"A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial

---

[3] Because we vacate the trial court's Judgment, we do not address the parties' arguments as to whether there was sufficient evidence Defendant had violated his probation by absconding.

reasoning or determination." *State v. Lark*, 198 N.C. App. 82, 95, 678 S.E.2d 693, 703 (2009) (citations, alterations, and quotation marks omitted). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *Id.* (citation and quotation marks omitted).

Here, the Record shows Defendant served a 55-day active sentence, for which the trial court gave him credit in the Judgment revoking his probation. Defendant also served two 90-day periods of confinement after prior probation violations. However, the trial court did not give Defendant credit for these 90-day periods of confinement in the Judgment revoking his probation. Thus, if the trial court determines on remand there is sufficient grounds to revoke Defendant's probation under Section 15A-1344(f), including good cause to revoke Defendant's probation past its expiration, it should credit Defendant for the two 90-day periods of confinement as well as his 55-day active sentence in its resulting judgment.

## Conclusion

Accordingly, for the foregoing reasons, we vacate the trial court's Judgment revoking Defendant's probation and activating his suspended sentence and remand this matter to the trial court for further proceedings.

VACATED.

Judges GRIFFIN and STADING concur in result only.

Report per Rule 30(e).